IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD WARNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | No. 3:14-cv-333-P |
| | ) | (No. 3:11-cr-233-P-1) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Dkt. No. 4[1]], filed by Petitioner Richard Warner, a prisoner currently incarcerated in the federal prison system.

### I.   Background

On July 12, 2011, Petitioner received a letter from the United States Attorney's Office for this District, indicating he was a target of a federal criminal investigation related to distribution, receipt, and possession of child pornography. Through an order entered July 18, 2011, the Federal Public Defender for this District was appointed to represent Petitioner; Assistant Federal Public Defender Douglas A. Morris entered his notice of appearance the next day.

Petitioner was then named in a one-count Information filed in this Court on August 19, 2011, in which he was charged with transporting and shipping child pornography, in violation of 18 U.S.C. § 2252(a)(1). On August 31, 2011, Petitioner

---

[1] All record citations are to the civil action, No. 3:14-cv-333, unless otherwise noted.

voluntarily surrendered to FBI agents; appeared before the undersigned United States District Judge for arraignment; and, pursuant to a written plea agreement, pleaded guilty to the single-count Information. Petitioner also appeared before United States Magistrate Judge Paul D. Stickney the same day, and was ordered detained.

Following the filing of the presentence investigation report on November 11, 2011, the issue of sentencing was heavily briefed by counsel for Petitioner and by the Government; this briefing included two requests for variance below the advisory guideline range. After several continuances, to accommodate the parties' briefing, Petitioner was sentenced, on January 23, 2013, to 210 months' imprisonment—the low-end of the advisory guideline range—followed by supervised release for a term of ten years. Judgment was entered January 24, 2013.

Because there was no direct appeal, Petitioner's sentence became final on February 7, 2013. *See* FED. R. APP. P. 4(b)(1)(A). Thus, the petition was timely filed on January 28, 2014. *See* 28 U.S.C. § 2255(f)(1).[2]

## II. Summary Dismissal

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United

---

[2] Petitioner has also (twice) filed amended petitions. The second amendment, filed September 29, 2014, is merely a signed version of the first amendment, dated September 22, 2014. While neither amendment is timely, because the claims presented in the amendments are the exact claims presented in the petition filed January 28, 2014, they "relate back" to the original petition. Under Federal Rule of Civil Procedure 15, which applies to federal habeas proceedings, *see United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002), "[a]n amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B). Thus, the Court will consider Dkt. No. 4, No. 3:14-cv-333—the signed amended petition—to be the operative § 2255 motion.

States District Courts provides for summary dismissal "[i]f it plainly appears ... that the moving party is not entitled to relief[.]" *Id.* As explained below, summary dismissal of Petitioner's § 2255 motion is appropriate.

A.   **Claims**

Petitioner effectively sets out three claims for relief: (1) he was convicted of a criminal action—"shipping" and "transporting" child pornography "though the internet"—of which he is actually innocent; (2) his sentence is unconstitutionally disproportionate to his offense of conviction; and (3) his counsel was ineffective because he failed to address the first two claims. *See generally* Dkt. No. 4.

B.   **Waiver**

A defendant can waive his right to appeal and to seek post-conviction relief as part of a plea agreement if the waiver is informed and voluntary. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (citing *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992)); *see also United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002) ("We will follow this wealth of authority and hold that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."). "It is up to the district court to insure that the defendant fully understands [his] right to appeal and the consequences of waiving that right.'" *Wilkes*, 20 F.3d at 653 (quoting *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992)).

> Here, Petitioner's plea agreement [Dkt. No. 6, No. 3:11-cr-233] provides
>
> Warner waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal his conviction and sentence. He further waives his

3

> right to contest his conviction and sentence in any collateral proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Warner, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an upward departure from the guideline range deemed applicable by the district court, or (iii) an arithmetic error at sentencing, and (b) a claim of ineffective assistance of counsel.

*Id.*, ¶ 10.

Because, through his first claim, Petitioner appears to be challenging the validity of his guilty plea, and because the above waiver reserves Petitioner's right to assert a general claim of ineffective assistance, the Court will address, in turn, the three claims in the petition, all of which are frivolous.

### C. Guilty Plea Claim

Petitioner pleaded guilty to violating 18 U.S.C. § 2252(a)(1), under which a person may not

> knowingly transport[] or ship[] using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mails, any visual depiction, if ... the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and such visual depiction is of such conduct[.]"

*Id.*

Petitioner now argues he "did not ship or transport the digital child pornography in his possession....

> The United States had the opportunity to charge [Petitioner] with possession, reproduction, and various other offenses which would accurately represent [Petitioner]'s actions. Instead, [Petitioner] was charged with, and at the advice of counsel, inappropriately, pled to the offense of shipping and transporting child pornography in interstate commerce, an offense which [Petitioner] clearly did not commit, and one which there was no factual basis to find the elements of as required by the Fifth Amendment Due Process and Rule 11 of the

4

> Federal Rules of Criminal Procedure.
>
> As Congress has not elected to expand the definitions of "ship" or "transport" to cover acts of electronic transmission or reproduction. Congress instead prohibited these acts in a provision of law separate and distinct from the one to which Defendant was compelled to plead.

Dkt. No. 4 at 3-4.

The Court interprets this argument to mean Petitioner now believes the Government has failed to state an offense—or the particular offense listed in the Information—against him. And "even a defendant who pleads guilty may later assert that the [charging document] fails to state an offense." *United States v. Sepe*, 474 F.2d 784, 789-90 (5th Cir. 1973) (Goldberg, J., concurring) (concluding that defendant's challenge "border[ed] on the frivolous").

But Petitioner's unsupported and strained argument, that the statute does not "cover acts of electronic transmission or reproduction[,]" is belied by the very language of the statute—"transport[] or ship[] <u>using any means or facility</u> of interstate or foreign commerce or in or affecting interstate or foreign commerce <u>by any means including by computer</u> or mails...." 18 U.S.C. § 2252(a)(1) (emphasis added). *See, e.g., United States v. Ray*, 186 F. App'x 436, 446 (6th Cir. July 19, 2006) ("In order to uphold a conviction under § 2252(a)(1), ... the Government [need only] prove that ... [defendant] knowingly transported the visual depiction in interstate commerce via his computer."); *United States v. Hockings*, 129 F.3d 1069, 1070-71 (9th Cir. 1997) ("Subsection[] 2252(a)(1) ... criminalize[s] the knowing transportation in interstate commerce, 'by any means including by computer or mails,' of 'visual depictions' involving minors engaged in sexually explicit conduct

...."); *cf. United States v. Shoemaker*, Cr. Nos. 7:09–1079–HMH, 7:11–492–HMH, 2013 WL 1566728, at *3 (D.S.C. Apr. 15, 2013) ("[t]ransmission of [child pornography] by means of the Internet is tantamount to moving [child pornography] across state lines and thus constitutes transportation in interstate commerce" (quoting *United States v. White*, No. 00–4497, 2001 WL 51014, at *2 (4th Cir. Jan. 22, 2001))).

In *United States v. Mohrbacher*, 182 F.3d 1041 (9th Cir. 1999), moreover, in rejecting the position that, "by ordering the pornographic images, [a defendant] caused them to be transported and is therefore nonetheless criminally liable under § 2252(a)(1)[,]" *id.* at 1050, the Ninth Circuit reviewed "the published cases involving shipping or transporting child pornography via computer .... [I]n each case, individuals convicted under § 2252(a)(1) had either sent the material electronically to another computer user or had made the material available to others through an electronic bulletin board or news group." *Id.* at 1051 (collecting cases). Sending child pornography "to another computer user" through email is exactly what Petitioner pleaded guilty to, *see* Dkt. No. 8 (factual resume), ¶¶ 1-2, and Petitioner does not now attempt to attack his conviction by contesting that fact, included among the facts Petitioner stipulated to when he pleaded guilty.

Thus, his purely "legal" attack of the statute under which he was convicted is rejected as frivolous.

### D. Sentencing Claim

Petitioner next challenges his 210-month sentence as cruel and unusual

punishment prohibited by the Eighth Amendment. *See, e.g.,* Dkt. No. 4 at 6 ("By its very length, [the] sentence, particularly in light of [Petitioner's] lack of a criminal record and non-violent nature, fails to advance [the goals of retribution or deterrence] and is disproportionate on its face."). This claim too is frivolous.

"The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991); *see also Ewing v. California*, 538 U.S. 11, 30 (2003) (reaffirming the holding in *Harmelin*—that it is "rare" to find a case "in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality" (quoting *Harmelin*, 501 U.S. at 1005)); *United States v. McGarity*, 669 F.3d 1218, 1256 n.57 (11th Cir. 2012) ("The only case where the Supreme Court has found a violation of the Eighth Amendment due to the length of imprisonment was *Solem v. Helm*, 463 U.S. 277, 280–81 (1983), in which the Court overturned a sentence of life imprisonment for writing a bad check for $100.").

The Fifth Circuit has specifically applied *Harmelin* to disproportionate sentence claims of those convicted of child pornography-related crimes. *See United States v. Reedy*, 145 F. App'x 465, 467-68 (5th Cir. Aug. 19, 2005) (per curiam) ("[Defendant] Thomas also contends that his sentence of life imprisonment violates the Eighth Amendment. He asserts that he is less culpable than the creators or distributors of child pornography and that his sentence is disproportionate to his offense.... In addition to the ten counts of transporting images of minors engaged in

7

sexually explicit conduct, Thomas also was convicted of one count of conspiracy to transport such images and one count of possession of child pornography. Although Thomas has no prior criminal convictions, he has pointed to no authority that clearly establishes that the imposition of consecutive sentences under these circumstances renders his sentence grossly disproportionate to his offense. Accordingly, he has not established plain error." (citations omitted)).

Petitioner was sentenced at the lowest end of the advisory guideline range, of 210 to 240 months. And, in the context of habeas, this Court has previously held that a "claim that the sentencing guidelines pertaining to child pornography offenses constitute cruel and unusual punishment is foreclosed by Fifth Circuit precedent." *United States v. Starowicz*, Nos. 4:12–CV–919–A, 4:11–CR–145–A, 2013 WL 1511122, at *5 (N.D. Tex. Apr. 12, 2013) ("'Empirically based or not, the Guidelines remain the Guidelines. It is for the Commission to alter or amend them.' Thus, the Guidelines range pertaining to child pornography 'remains a factor for district courts to consider in arriving upon a sentence.'" (quoting *United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011)).

Fifth Circuit precedent clearly holds, moreover, "that a sentence within the statutory limits is not cruel and unusual punishment." *Id.* (citing *United States v. McKinney*, 53 F.3d 664, 678 (5th Cir. 1995); *Castle v. United States*, 399 F.2d 642, 562 (5th Cir.1968) ("The cases are legion that a sentence within the statutory limits is not cruel and unusual punishment.")). Petitioner was sentenced 30 months below the statutory limit, *see* 18 U.S.C. § 2252(b)(1); thus, this term of incarceration does

not amount to cruel and unusual punishment. *Compare id., with Starowicz*, 2013 WL 1511122, at *5 ("Movant's sentence, at the top of the guideline range, was not cruel and unusual punishment.").

Accordingly, Petitioner's disproportionate sentence claim is also frivolous.

### E. Ineffective Assistance Claim

The sum of Petitioner's ineffective assistance of counsel claim is that his counsel was constitutionally ineffective because counsel "fail[ed] to address the preceeding [sic] two issues[.]" Dkt. No. 4 at 6. The failure to raise frivolous claims is not, however, ineffective assistance of counsel. *See, e.g., Richardson v. United States*, Nos. 3:10–CV–1333–L, 3:08–CR–0317–L, 2012 WL 4808614, at *6 (N.D. Tex. Aug. 10, 2012) ("Petitioner's claim is frivolous and he has failed to show his counsel was constitutionally ineffective for failing to raise this claim." (citing *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995))).

Petitioner's third claim is therefore also frivolous.

### III. Requests for Evidentiary Hearing and Appointment of Counsel

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

As to Petitioner's request for appointment of counsel, because "a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal

on direct review of his conviction," the Supreme Court has concluded "he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (citation omitted). The Court, however, has discretion to appoint counsel to a "financially eligible person" seeking relief under 28 U.S.C. § 2255 when "the interests of justice so require." 18 U.S.C. § 3006A. Because it conclusively has been shown that Petitioner is entitled to no relief, pursuant to his § 2255 motion, the interests of justice do not require appointment of counsel. *See, e.g., Crawford v. United States*, Nos. 1:07–CR–0089–TWT–1, 1:10–CV–0278–TWT, 2010 WL 1978259, at *1 (N.D. Ga. May 14, 2010) ("In collateral proceedings challenging a conviction, appointment of counsel is necessary only when due process or "the interests of justice" require it." (citations omitted)); *cf. Fernandez–Malave v. United States*, 502 F. Supp. 2d 234, 241 (D.P.R. 2007) ("Situations where appointment of counsel for § 2255 cases are very rare, and such appointment is typically reserved for truly complex and legally subtle cases." (citing *United States v. Mala*, 7 F.3d 1058, 1063–64 (1st Cir.1993))).

### IV. Certificate of Appealability

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would

find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event Petitioner elects to file a notice of appeal, the Court notes that Petitioner will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*..

### V.   Conclusion

For the foregoing reasons, the Court summarily **DENIES** Petitioner's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255.

**SO ORDERED.**

DATE: October 8, 2014.

*[signature]*
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE